UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PAULINE DALE STONEHILL,<br><br>    Plaintiff,<br><br>    v.<br><br>NATIONAL ARCHIVES AND RECORDS ADMINISTRATION,<br><br>    Defendant. | Civil Action No. 22-3391 (CJN) |

### DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR SUBSTITUTION OF PARTIES

Defendant, National Archives and Records Administration, respectfully opposes Plaintiff's motion for substitution of parties (ECF No. 30).

1. On November 3, 2023, Plaintiff filed substantively identical motions in six Freedom of Information Act ("FOIA") actions pending in this District. *Stonehill v. CIA*, Civ. A. No. 20-3327 (RCL) (D.D.C.), ECF No. 53; *Stonehill v. FBI*, Civ. A. No. 20-1445 (APM) (D.D.C.), ECF No. 54; *Stonehill v. IRS*, Civ. A. No. 19-3644 (RDM) (D.D.C.), ECF No. 64; *Stonehill v. NARA*, Civ. A. No. 22-3391 (CJN) (D.D.C.), ECF No. 30; *Stonehill v. Dep't of Just., Crim. Div.*, Civ. A. No. 22-0311 (JEB) (D.D.C.), ECF No. 29; *Stonehill v. Dep't of Just., Tax Div.*, Civ. A. No. 19-3770 (RC) (D.D.C.), ECF No. 74.

2. The government is filing substantively identical responses to this motion in each of these six cases.

3. Plaintiff's motion for substitution of parties is a non-dispositive motion and does not include the statement required by Local Civil Rule 7(m), nor did Plaintiff's counsel confer with Defendant prior to filing.

4.     Plaintiff's counsel failed to comply with the requirements of Local Rule 7(m) before filing the motion, which requires Plaintiff to confer and discuss the anticipated non-dispositive motion with opposing counsel in a good-faith effort to determine whether there is any opposition to the relief sought and, if there is, to narrow the areas of disagreement. *See, e.g.*, *Encyclopaedia Britannica, Inc. v. Dickstein Shapiro, LLP*, 905 F. Supp. 2d 150, 161–62 (D.D.C. 2012) (Bates, J.) (denying motion and admonishing the movant to comply with Local Rule 7(m)).

5.     In an appropriate case, the death of a FOIA requestor does not extinguish a FOIA lawsuit. *See Sinito v. Dep't of Just.*, 176 F.3d 512, 516–17 (D.C. Cir. 1999).

6.     That said, "[i]t is axiomatic that Rule 25 limits properly substituted parties to those individuals who can adequately represent the interests of the deceased party." *Id.* at 516; *see also Rende v. Kay*, 415 F.2d 983, 985 (D.C. Cir. 1969) ("Although the attorney for the defendant was retained to 'represent' the deceased as his counsel, he is not a person who could be made a party, and is not a 'representative of the deceased party' in the sense contemplated by Rule 25(a)(1).").

7.     Plaintiff's motion has not demonstrated whether the *Sinito* test would be satisfied by substituting in either or both of the proposed plaintiffs, and further conferral between the parties may provide additional insight into this issue.

8.     Accordingly, Defendant respectfully requests that the Court deny Plaintiff's motion without prejudice.

*   *   *

Date: November 7, 2023
Washington, DC

Respectfully submitted,

MATTHEW M. GRAVES, D.C. Bar. #481052
United States Attorney

BRIAN P. HUDAK,
Chief, Civil Division

By:  */s/ Sam Escher*
SAM ESCHER, D.C. Bar #1655538
Assistant United States Attorney
601 D Street, N.W.
Washington, D.C. 20530
(202) 252-2531
Sam.Escher@usdoj.gov

*Attorneys for the United States of America*