UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

PAULINE DALE STONEHILL,

      Plaintiff,

      v.

NATIONAL ARCHIVES AND RECORDS
ADMINISTRATION,

      Defendant.

Civil Action No. 22-3391 (CJN)

**DEFENDANT'S OPPOSITION TO ROBERT HEGGESTAD'S SECOND MOTION
FOR SUBSTITUTION OF PARTIES**

## <u>TABLE OF CONTENTS</u>

BACKGROUND ................................................................................................................... 1

LEGAL STANDARDS ........................................................................................................ 4

ARGUMENT ........................................................................................................................ 5

I.    Heggestad Did Not Clearly Indicate that the Requests at Issue Were Submitted on Behalf of the Estate of Harry Stonehill .............................................................. 5

II.   Heggestad Cannot Substitute Himself in as a Proper Party Regardless of Who the Requester Was ................................................................................................. 10

III.  An Individual Cannot Submit a FOIA Request on Behalf of an Estate............................ 13

IV.   Unless Heggestad Has Been Retained by a Representative of Pauline Stonehill to Continue this Lawsuit, He Cannot File or Serve a Motion to Substitute or Statement Noting Death .................................................................................................. 16

V.    The Representative for Pauline Stonehill, or for the Estate of Harry Stonehill if the Court Finds the Requests Were Submitted on Behalf of His Estate, Should Prove He or She Has Authority to Act on Behalf of the Respective Estate.................................. 17

CONCLUSION ................................................................................................................... 19

## <u>TABLE OF AUTHORITIES</u>

**CASES**

*Advanced Magnetics, Inc. v. Bayfront Partners, Inc.*,
106 F.3d 11 (2d Cir. 1997) ................................................................... 11

*Aguirre v. City of San Antonio*,
995 F.3d 395 (5th Cir. 2021) ............................................................... 14

*Ameen v. Dep't of State*,
Civ. A. No. 21-1399, 2021 WL 4148532 (D.D.C. Sept. 13, 2021) ........................... 4

*Architectural Body Rsch. Found. v. Reversible Destiny Found.*,
335 F. Supp. 3d 621 (S.D.N.Y. 2018) ..................................................... 14

*Aremu v. Dep't of Homeland Sec.*,
450 F.3d 578 (4th Cir. 2006) ............................................................... 15

*Breen v. Chao*,
322 F.R.D. 427 (D.D.C. 2017) .......................................................... 4, 17

*Call Assocs., Inc. v. Nat'l Insts. of Health, et al.*,
579 F.2d 1155 (9th Cir. 1978) ............................................................. 15

*Cap. City Corp. v. Johnson*,
646 A.2d 325 (D.C. 1994) ................................................................... 11

*Cap. River Enters., LLC v. Abod*,
301 A.3d 1234 (D.C. 2023) ................................................................. 11

*Chevron U.S.A. Inc. v. Echazabal*,
536 U.S. 73 (2002) ........................................................................... 14

*Colautti v. Franklin*,
439 U.S. 379 (1979) .......................................................................... 15

*Est. of Laffoon v. Christianson*,
Civ. A. No. 11-0255, 2011 WL 1743645 (E.D. Cal. Feb. 22, 2011) ....................... 15

*Est. of Manook v. Rsch. Triangle Inst., Int'l & Unity Res. Grp., L.L.C.*,
693 F. Supp. 2d 4 (D.D.C. 2010) ........................................................... 18

*Est. of Scherban v. Suntrust Bank*,
Civ. A. No. 15-1966 (JEB), 2016 WL 777913 (D.D.C. Feb. 26, 2016) ........... 14, 17, 18

*Fariss v. Lynchburg Foundry*,
769 F.2d 958 (4th Cir. 1985) ............................................................. 4, 17

*Hunt v. Rousmanier's Adm'rs*,
   21 U.S. 174 (1823) ................................................................................................ 11

*In re Seegers*,
   No. 09-0641, 2009 WL 2883019 (D.C. Bankr. 2009) ........................................... 15

*Jackson v. City of Cleveland*,
   Civ. A. No. 15-0989, 2015 WL 6163510 (N.D. Ohio Oct. 20, 2015) .................... 14

*Marx v. Gen. Revenue Corp.*,
   568 U.S. 371 (2013) ................................................................................................ 13

*Meese v. Keene*,
   481 U.S. 465 (1987) ................................................................................................ 15

*NLRB v. SW Gen., Inc.*,
   580 U.S. 288 (2017) ................................................................................................ 13

*Oglesby v. Dep't of Army*,
   920 F.2d 57 (D.C. Cir. 1990) ................................................................................... 4

*Prisology, Inc. v. Fed. Bureau of Prisons*,
   852 F.3d 1114 (D.C. Cir. 2017) ................................................................................ 5

*Rende v. Kay*,
   415 F.2d 983 (D.C. Cir. 1969) ................................................................... 4, 10, 17

*Robinson v. Pezzat*,
   Civ. A. No. 12-0302 (RJL), 2016 WL 10829004 (D.D.C. Nov. 8, 2016) ........... 16, 17

*Rock v. Univ. of Conn.*,
   144 A.3d 420 (Conn. 2016) ..................................................................................... 15

*SAE Prods., Inc. v. FBI*,
   589 F. Supp. 2d 76 (D.D.C. 2008) ........................................................................ 5, 7

*Sinito v. Dep't of Just.*,
   176 F.3d 512 (D.C. Cir. 1999) ................................................................. 4, 9, 10, 16

*Smallwood v. Dep't of Just.*,
   266 F. Supp. 3d 217 (D.D.C. 2017) .......................................................................... 5

*Smartflash, LLC v. U.S. Pat. & Trademark Off.*,
   Civ. A. No. 22-1123 (BAH), 2023 WL 5289287 (D.D.C. Aug. 17, 2023) ............... 5

*Stonehill v. Dep't of Just. Tax Div.*,
   Civ. A. No. 19-3770 (RC), 2023 WL 4174329 (D.D.C. June 26, 2023) .................. 9

*Three Forks Ranch Corp. v. Bureau of Land Mgmt.*,
    358 F. Supp. 2d 1 (D.D.C. 2005) ........................................................................ 5, 6

*Urb. Fin. of Am., LLC v. Estate of Mercado-Otero*,
    Civ. A. No. 15-2182, 2017 WL 11607782 (D.P.R. Aug. 28, 2017) .......................... 14

*Wetzel v. Dep't of Veterans Affs.*,
    949 F. Supp. 2d 198 (D.D.C. 2013) ................................................................. 5, 6, 7

**STATUTES**

5 U.S.C. § 551 ......................................................................................................... 13

5 U.S.C. § 552 ..................................................................................................... 1, 13

D.C. Code § 20-341 ............................................................................................. 17, 18

D.C. Code § 20-342 .................................................................................................. 17

D.C. Code § 21-2601.02 ........................................................................................... 11

D.C. Code § 21-2601.03 ........................................................................................... 12

D.C. Code § 21-2601.10 ........................................................................................... 12

**RULES**

Fed. R. Civ. P. 17 ............................................................................................... 14, 17

Fed. R. Civ. P. 25 ................................................................................................. 4, 16

Fed. R. Civ. P. 9 ....................................................................................................... 18

**SECONDARY SOURCES**

3 Am. Jur. 2d Agency ............................................................................................... 12

33 C.J.S. Executors and Administrators ................................................................... 15

Black's Law Dictionary (11th ed. 2019) ....................................................... 11, 12, 15

Defendant National Archives and Records Administration respectfully opposes Robert Heggestad's Motion for Substitution of Parties. ECF No. 33.

## BACKGROUND

This is a suit under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, involving three requests. Each request begins the same way:

> This is a request under the Freedom of Information Act, 5 U.S.C. § 552, and the Privacy Act of 1974, 5 U.S.C. § 552 (a), filed on behalf of my client, Pauline Dale Stonehill, for all records and documents . . . .

*See* FOIA Request (Aug. 15, 2022), ECF No. 21-3 at 2; FOIA Request (Sept. 14, 2022), ECF No. 21-3 at 47; FOIA Request (Feb. 4, 2023), ECF No. 21-3 at 63.

Each request references throughout that the requester in this case and others has been either Pauline Stonehill or Heggestad as counsel on behalf of Pauline Stonehill. *See, e.g.*, FOIA Request (Aug. 15, 2022) ("To assist you in your search for responsive records, you should know that many of the documents requested above are substantially similar to the documents requested by Mrs. Stonehill in an FOIA filed with the IRS by Bethany McLean on July 10, 2014[.]"); *id.* ("The documents requested are also substantially similar to the documents which were requested by the undersigned counsel for Mrs. Stonehill in her September 28, 2018 FOIA request to the Internal Revenue Service[.]"); *id.* ("Information responsive to Mrs. Stonehill's September 28, 2018 request was also provided . . . in September 2021."); FOIA Request (Feb. 4, 2023) ("This request supplements the FOIA requests filed on behalf of Mrs. Stonehill on August 15, 2022 . . . and on August 23, 2022[.]").

None of the requests indicate that Pauline Stonehill was the requester on behalf of the estate of her husband, Harry Stonehill (assuming without conceding that an individual can submit a FOIA request on behalf of an estate). At most, the requests only mention that Pauline Stonehill was a co-executor of his estate. *See* FOIA Request (Aug. 15, 2022) ("I am attaching Power of Attorney from

Pauline Stonehill, Mr. Stonehill's wife, beneficiary and Co-Executor and Co-Administrator of the Estate of Harry S. Stonehill."); FOIA Request (Sept. 14, 2022) (same); FOIA Request (Feb. 4, 2023) (same). Several forms and documents enclosed with the requests, such as a power of attorney, also demonstrate that Pauline Stonehill was a co-executor of her husband's estate, but none of those forms or documents indicate that Pauline Stonehill was submitting the requests on behalf of the estate either.

On November 4, 2022, Heggestad filed a complaint, which was amended on March 16, 2023. The amended complaint does not clearly indicate who the requester or real party in interest is. On one hand, it states in the caption and three other areas that Pauline Stonehill is the plaintiff and is also "Co-executor and Co-special administrator of the Estate of Harry S. Stonehill." *See* Am. Compl. at 1, 4. On the other, it states that the requests at issue were submitted on behalf of Pauline Stonehill, not on behalf of the estate of Harry Stonehill. *Id.* ¶ 88 ("On August 15, 2022, the undersigned attorney filed an FOIA request with NARA on behalf of Mrs. Stonehill for all records and documents"); *id.* ¶ 106 ("On September 14, 2022, the undersigned counsel submitted an FOIA request to NARA on behalf of Mrs. Stonehill requesting for all records and documents"); *id.* at 111 ("On February 5, the undersigned counsel submitted an FOIA request to NARA on behalf of Mrs. Stonehill requesting all records and documents"); *see also id.* ¶ 89 ("NARA, acknowledged receipt of Mrs. Stonehill's FOIA request on August 16, 2022[.]"); *id.* ¶¶ 108, 113 ("As of the date of this complaint, there has been no further correspondence from NARA responding to Mrs. Stonehill's FOIA request.").

Throughout this litigation, the Agency has understood that the requester and real party in interest was Pauline Stonehill in her individual capacity, not in her capacity as co-executor of the estate of Harry Stonehill. For example, the opposition to the Agency's motion for summary

judgment and cross motion for partial summary judgment repeatedly refers to the requests at issue in this case as Pauline Stonehill's. *See* ECF Nos. 26-1, 34-1 at 15 ("Mrs. Stonehill's FOIA Requests to NARA"); *id.* at 16 ("During NARA's production of documents in response to Mrs. Stonehill's August 15, 2022 FOIA request"); *id.* ("Mrs. Stonehill subsequently filed a third FOIA request on February 4, 2023"); *id.* ("On April 24, 2023, Mrs. Stonehill filed two FOIA requests"); *id.* ("Finally, on August 1, 2023, Mrs. Stonehill filed a sixth FOIA request"). The briefs do not state anywhere that Pauline Stonehill is making the requests on behalf of the estate of her husband; at most, they state that Pauline Stonehill is a co-executor of the estate of her husband, which allowed her to receive information about him that may otherwise have been exempt from disclosure under FOIA.

On November 21, 2023, the attorney who has represented Pauline Stonehill in this litigation, Heggestad, filed a motion to substitute. ECF No. 30. The motion and supporting documentation indicate that Pauline Stonehill passed away on October 3, 2023. ECF No. 30-2. The supporting documentation indicates that Cliff Dale is the representative of Pauline Stonehill. ECF No. 30-1. Despite this, Heggestad seeks to substitute both himself—as the "Representative of the Estate of Harry S. Stonehill"—and "Dr. Patrick Lenz, co-executor of the Estate of Harry S. Stonehill." ECF No. 30. The Agency opposed that motion because the movant had not conferred with the Agency before filing it, and the Agency had concerns about whether the motion identified the proper party. ECF No. 31. Heggestad and the Agency could not agree on who the proper party is, so Heggestad re-filed his motion, arguing that the requester and real party in interest has always been Pauline Stonehill on behalf of the estate of Harry Stonehill, not Pauline Stonehill individually. ECF No. 33. The Agency now files this opposition, as the requester and real party in interest in this matter was Pauline Stonehill individually, and thus neither Heggestad nor Dr. Lenz is a proper

party to be substituted into this case. To the contrary, only a representative of Pauline Stonehill would be, and the motion does not establish that either Heggestad or Lenz is her representative.

## LEGAL STANDARDS

In *Sinito v. Department of Justice*, 176 F.3d 512, 513-15 (D.C. Cir. 1999), the D.C. Circuit held that a claim under FOIA could survive the death of the original requester; however, there are limits to who can substitute in as a proper party. Ultimately, the D.C. Circuit held only a successor or legal representative of the original requestor could substitute in as a proper party. *Id.* at 515-17. This is because, under the FOIA, each requestor is required to exhaust administrative remedies. *Id*. at 516 (citing *Oglesby v. Dep't of Army*, 920 F.2d 57 (D.C. Cir. 1990); *see also Ameen v. Dep't of State*, Civ. A. No. 21-1399, 2021 WL 4148532, at *3 (D.D.C. Sept. 13, 2021) ("An individual whose FOIA request has been denied 'has suffered a particularized injury because he has requested and been denied information Congress gave him a right to receive.'" (citation omitted)). Thus, the proper party is one that can acquit the rights of the original FOIA requester. *Sinito*, 176 F.3d at 516.

To substitute a proper party, the Court may order substitution on its own, or any party or the decedent's successor or representative may file a motion for substitution. Fed. R. Civ. P. 25(a)(1). An attorney who was representing the individual who passed away may not file a motion to substitute. *See Rende v. Kay*, 415 F.2d 983, 985 (D.C. Cir. 1969). "This is because an attorney's agency to act on behalf of her client ceases upon the party's death; the attorney's responsibilities do not necessarily transfer to the decedent's successors or personal representative." *Breen v. Chao*, 322 F.R.D. 427, 430 (D.D.C. 2017) (citing *Fariss v. Lynchburg Foundry*, 769 F.2d 958, 962 (4th Cir. 1985)). "To the contrary, a personal representative to be substituted may retain different counsel." *Id.* Additionally, a "motion to substitute, together with a notice of hearing, must be served on the parties as provided in Rule 5 and on nonparties as provided in Rule 4." Fed. R. Civ. P. 25(a)(3). "A statement noting death must be served in the same manner." *Id.*

4

**ARGUMENT**

**I.    Heggestad Did Not Clearly Indicate that the Requests at Issue Were Submitted on Behalf of the Estate of Harry Stonehill**

A FOIA request made by an attorney on behalf of a client must "clearly indicate" on whose behalf the request is made. *See Smartflash, LLC v. U.S. Pat. & Trademark Off.*, Civ. A. No. 22-1123 (BAH), 2023 WL 5289287, at *5 (D.D.C. Aug. 17, 2023). Although "such a rule might seem somewhat rigid, 'a line must be drawn to assure that the request requirement does not devolve into a general interest inquiry,' that would be at odds with both the Constitution's standing requirement and the intent of Congress in enacting FOIA." *Id.* (quoting *Smallwood v. Dep't of Just.*, 266 F. Supp. 3d 217, 220-21 (D.D.C. 2017)). Only a person who "has requested and been denied information Congress gave him a right to receive" has suffered the particularized injury to give the person standing to bring a FOIA suit. *Id.* (quoting *Prisology, Inc. v. Fed. Bureau of Prisons*, 852 F.3d 1114, 1117 (D.C. Cir. 2017)). "[I]f a party has not made a request within the meaning of FOIA, then he does not have standing to bring a lawsuit." *Id.* (quoting *Wetzel v. Dep't of Veterans Affs.*, 949 F. Supp. 2d 198, 202 (D.D.C. 2013).

"Although the D.C. Circuit 'has never specifically articulated the requirements for filing a FOIA request on behalf of another,' caselaw illuminates where the line is drawn to distinguish between cases in which the plaintiff has standing from those where the plaintiff does not." *Id.* (citations omitted). Where a requester merely references another person or party but does not "clearly indicate" that the request was made on behalf of the other person or party, the courts routinely find that the other person or party does not have standing to file suit. *See, e.g.*, *Smartflash*, 2023 WL 5289287, at *5-6; *Wetzel*, 949 F. Supp. 2d at 201-04; *SAE Prods., Inc. v. FBI*, 589 F. Supp. 2d 76, 79-82 (D.D.C. 2008); *Three Forks Ranch Corp. v. Bureau of Land Mgmt.*, 358 F. Supp. 2d 1, 2-3 (D.D.C. 2005).

For example, in *Wetzel*, 949 F. Supp. 2d at 198, two attorneys submitted FOIA requests mentioning that they represented a client in proceedings before the D.C. Superior Court. The attorneys, further, provided a signed release from the client.  *Id.* at 200.  "True," the court noted, the client's "name is mentioned in the requests, and there is some indication of a representational relationship between the requestors and [the client]. But that is not enough."  *Id.* at 202.  "[E]ven if a plaintiff is mentioned in the original request, [he] would still lack standing if the request was not clearly made on [his] behalf or otherwise failed to state [his] interest in the request."  *Id.*  The plaintiff tried to cure this defect with several arguments, such as, for example, arguing that the attorneys clearly indicated that they submitted the requests on behalf of the plaintiff during the administrative appeal, but the court rejected all the arguments.  *Id.* at 201-04.  The attorneys did not clearly indicate that they submitted the requests on behalf of the plaintiff, so the plaintiff did not have standing to sue. *Id.*

By way of further example, in *Three Forks Ranch*, 358 F. Supp. 2d at 1, by way of further example, although the attorney who submitted the request also mentioned the plaintiff in the request, the attorney also did not clearly indicate that the attorney submitted the request on behalf of the plaintiff. Because the attorney did not clearly indicate that he was submitting the request on behalf of the plaintiff, the plaintiff in *Three Forks Ranch* also did not have standing to file suit:

> In the April 21, 2004 FOIA request, [the attorney] wrote in the first-person and did not specifically state that he was making the request "on behalf of" [the plaintiff]. Like courts in other jurisdictions, this Court finds that although the request made by [the attorney] mentions [the plaintiff], it is not clear that the request is being made on behalf of his client. It is unreasonable to expect overburdened FOIA administrators to interpret whether a request is being made by the individual writing the request letter, by someone else mentioned in the letter, or both. The Court finds that it was reasonable for the FOIA Coordinator to treat [the attorney's] FOIA request as a request being made in his individual capacity. Therefore, [the plaintiff] lacks standing to challenge the agency's actions.

*Three Forks Ranch*, 358 F. Supp. 2d at 3.

And in *SAE Productions*, 589 F. Supp. 2d at 76, although the requester was the president of a corporation that ultimately filed suit as the plaintiff, the requester did not clearly indicate that he submitted the three requests at issue on behalf of the corporation for which he was president. The court examined the complaint in the case and concluded, even though it contained the broad, conclusory allegation that the president submitted the requests on behalf of the corporation, it contained no factual assertions to support the assertion. *Id.* at 80; *cf. Wetzel*, 949 F. Supp. 2d at 204 (finding it irrelevant whether two attorneys clarified during the administrative appeal that they submitted requests on behalf of a client because the request itself did not clearly indicate that it was submitted on behalf of the client). Further, although the requests themselves indicated that they were being made by the president of the corporation, none of them clearly indicated that they were being made by the president on behalf of the corporation. *SAE Productions*, 589 F. Supp. 2d at 81 ("Each of the three FOIA Requests states only that this is a request by Steven Emerson of SAE Productions. As Plaintiff concedes, none of the FOIA Requests expressly state that Mr. Emerson was making the requests on behalf of SAE Productions." (cleaned up)). Quoting *Three Forks Ranch*, the court agreed that it "is unreasonable to expect overburdened FOIA administrators to interpret whether a request is being made by the individual writing the request letter, by someone else mentioned in the letter, or both," before rejecting the rest of the plaintiff's arguments and concluding that the corporation plaintiff did not have standing to file suit. *Id.* at 81-82.

Here, Heggestad states the Agency is "simply wrong" for its position that the requester and plaintiff in this case was Pauline Stonehill individually. *See* Pl.'s Mot. at 3. He states, "[a]ll subsequent FOIA complaints and all subsequent FOIA requests were captioned or designated as filed by Mrs. Stonehill, *as the co-executor and the co-special Administrator of the Estate of Harry S. Stonehill*." *Id.* (emphasis in original). Heggestad, however, is incorrect. While the three requests

at issue here may reference Pauline Stonehill as "beneficiary and Co-Executor and Co-Administrator of the Estate of Harry S. Stonehill," and such information is relevant to whether she had a right to seek private information about her husband, Heggestad did not clearly indicate that Pauline Stonehill submitted the requests on behalf of the estate of Harry Stonehill as opposed to for herself. To the contrary, the requests indicate that Pauline Stonehill herself was the requester. *See* FOIA Request (Aug. 15, 2022), ECF No. 21-3 at 2; FOIA Request (Sept. 14, 2022), ECF No. 21-3 at 47; FOIA Request (Feb. 4, 2023), ECF No. 21-3 at 63.

The requests at issue here are comparable to the requests in *Wetzel*, *Three Forks Ranch*, and *SAE Productions*. For example, if the court found in *Wetzel* that two attorneys did not clearly indicate that they submitted requests on behalf of a client even after submitting a release for the client, mentioning the client's name in the request, and mentioning that they represented the client in proceedings before the D.C. Superior Court, then the documentation Heggestad submitted with the requests in this case, the references to Harry Stonehill's estate, and the references to his past legal troubles are insufficient to clearly indicate that the requests here were submitted on behalf of the estate of Harry Stonehill as opposed to Pauline Stonehill herself. If the court found in *SAE Productions* that the phrase "this is a request by Steven Emerson of SAE Productions" was insufficient to clearly indicate that the president submitted the request on behalf of the corporation instead of for himself, then Heggestad's references to "Pauline Stonehill, Mr. Stonehill's wife, beneficiary and Co-Executor and Co-Administrator of the Estate of Harry S. Stonehill," are similarly insufficient to clearly indicate that Pauline Stonehill submitted the requests at issue on behalf of the estate of Harry Stonehill as opposed to for herself. And, as the court noted in *Three Forks Ranch*, it is "unreasonable to expect overburdened FOIA administrators," like those in this

case, "to interpret whether a request is being made by the individual writing the request letter, by someone else mentioned in the letter, or both."

In fact, one court in this District has already found that Pauline Stonehill was the requester involving similar requests. In *Stonehill v. Department of Justice Tax Division*, Civ. A. No. 19-3770 (RC), 2023 WL 4174329 (D.D.C. June 26, 2023), the parties disputed whether Heggestad himself was the requester or whether Pauline Stonehill was the requester. Interestingly, there, Heggestad argued that Pauline Stonehill was the requester. *See, e.g.*, Pl.'s Opp'n to Def.'s Cross Mot. to Dismiss, *Stonehill v. Dep't of Just. Tax Div.*, Civ. A. No. 19-3770 (RC) (D.D.C. Oct. 28, 2022), ECF No. 56 at 3 ("The three FOIA requests Identified Mrs. Stonehill as the Requestor."), *id.* ("The FOIA requests filed on behalf of Mrs. Stonehill did not contain just a 'passing reference' to Mrs. Stonehill, the named plaintiff."). The Court agreed and found that Mrs. Stonehill was the requester. *See Stonehill*, 2023 WL 4174329, at *3 ("[T]he Court finds that the FOIA requests here clearly indicated that they were made on behalf of Mrs. Stonehill.").

In sum, Heggestad did not clearly indicate that the requests at issue here were submitted by Pauline Stonehill on behalf of the estate of Harry Stonehill, as opposed to for herself, as the case law requires. The requests at issue here were submitted by Heggestad on behalf of Pauline Stonehill in her individual capacity. Thus, neither Heggestad nor Dr. Lenz, the individuals Heggestad seeks to substitute into this case, has standing. The only person who would have standing is a representative of Pauline Stonehill. *See Sinito*, 176 F.3d at 515-17. Here, that would appear to be Cliff Dale unless there are other representatives for Pauline Stonehill. *See* ECF No. 33-2.

## II.    Heggestad Cannot Substitute Himself in as a Proper Party Regardless of Who the Requester Was

It is axiomatic that an attorney cannot substitute himself or herself as the proper party of a deceased client. *See Rende v. Kay*, 415 F.2d 983, 985 (D.C. Cir. 1969) ("Although the attorney for the defendant was retained to 'represent' the deceased as his counsel, he is not a person who could be made a party, and is not a 'representative of the deceased party' in the sense contemplated by Rule 25(a)(1)."). In a FOIA case, only a successor or legal representative of the original requestor could substitute in as the proper party. *Sinito*, 176 F.3d at 515-17. Thus, regardless whether Pauline Stonehill submitted the requests at issue in this case for herself or on behalf of the estate of her husband, Heggestad, as her attorney, cannot be substituted in as a proper party. If anyone, based on the information the Agency has, Cliff Dale is likely the only person who can properly be substituted in as the party to this case, unless Pauline Stonehill has another legal representative.

Heggestad argues that he is a representative of the estate of Harry Stonehill and should be substituted into this case as one of the plaintiffs because of two types of documents: a last will and testament, and powers of attorney. *See* Pl.'s Mot. at 1 ("in accordance with the directions of Harry S. Stonehill, deceased, contained in his Last Will and Testament, appointing Pauline Dale Stonehill as Co-Executor and Co-Special Administrator to work with Attorney Robert E. Heggestad to handle his claims against the United States Government, and the Irrevocable Power of Attorney to Represent the Estate of Harry S. Stonehill in All Matters Relating to Claims Against the United States executed by Pauline Dale Stonehill on September 14, 2018"). Assuming, for argument's sake, that the requests at issue were submitted by Pauline Stonehill on behalf of the estate of Harry Stonehill, and not by Pauline Stonehill individually, still, neither document establishes that Heggestad is a representative of the estate sufficient to substitute himself in as a proper party in this case.

Regarding the will, the copy the Agency has indicates that the following individuals are co-executors of the estate of Harry Stonehill: first, an attorney named Jacques (illegible) and Pauline Stonehill; second, Dr. Patrick Lenz; and third, Elizabeth Thompson Stonehill. *See* ECF No. 11-8 at 3–4. Nowhere in the will does it say that Heggestad is an executor of the estate of Harry Stonehill. *Id.* And Heggestad has not provided any documentation showing that he is a representative for Pauline Stonehill or her estate either.

Regarding the powers of attorney generally, they do not allow the holder to file suit in his or her own name. *See Advanced Magnetics, Inc. v. Bayfront Partners, Inc.*, 106 F.3d 11, 17–18 (2d Cir. 1997) ("The grant of a power of attorney, however, is not the equivalent of an assignment of ownership; and, standing alone, a power of attorney does not enable the grantee to bring suit in his own name."). More fatal to Heggestad's position, however, is that the powers of attorney in this case were terminated when Pauline Stonehill passed away.

"A power of attorney is a unique document that confers special powers on its holder and is subject to special regulations." *Cap. River Enters., LLC v. Abod*, 301 A.3d 1234, 1241 (D.C. 2023). It is an "instrument granting someone authority to act as agent or attorney-in-fact for the grantor." Power of Attorney, Black's Law Dictionary (11th ed. 2019); *see also Cap. City Corp. v. Johnson*, 646 A.2d 325, 330 (D.C. 1994) (noting power of attorney executed by wife created principal-agency relationship with husband giving him contractual authority to bind her in matters relating to property); D.C. Code § 21-2601.02(7) (defining power of attorney as "a writing or other record that grants authority to an agent to act in the place of the principal, whether or not the term 'power of attorney' is used").

While a power of attorney may be irrevocable during the lives of the principal and agent, it terminates upon either of their deaths. *Hunt v. Rousmanier's Adm'rs*, 21 U.S. 174, 202 (1823)

("We think it well settled, that a power of attorney, though irrevocable during the life of the party, becomes extinct by his death."); *see also* D.C. Code § 21-2601.10(a)(1) ("A power of attorney terminates when . . . [t]he principal dies[.]"); *id.* § 21-2601.10(b)(2) ("An agent's authority terminates when . . . [t]he agent dies[.]"). An exception to this rule, however, is when the power is "coupled with an interest." *Hunt*, 21 U.S. at 203 ("If a power be coupled with an 'interest,' it survives the person giving it, and may be executed after his death."); *see also* D.C. Code § 21-2601.03(1) ("This chapter applies to all powers of attorney except . . . [a] power to the extent it is coupled with an interest in the subject of the power[.]").

A power coupled with an interest is a "power to do some act, conveyed along with an interest in the subject matter of the power." Power Coupled with an Interest, Black's Law Dictionary (11th ed. 2019). To be irrevocable, "the interest must be in the subject matter of the power and not in the proceeds which will arise from the exercise of the power." 3 Am. Jur. 2d Agency § 58. "The interest which an agent has in receiving compensation for performance of the agency, even though it is agreed that the compensation will be derived from what is produced by the application of the agent's services to the subject matter of the agency, or will consist of a stated portion thereof, does not support a claim of a power coupled with an interest which will bar revocation of the agency or power." 3 Am. Jur. 2d Agency § 60. "Accordingly, if the agent's interest is merely the right to receive, by way of compensation or commission, a certain amount from, or percentage of, the proceeds of a sale or collection effected by him or her, no agency coupled with an interest exists." *Id.*

Here, although Pauline Stonehill may have given Heggestad a power of attorney to pursue FOIA claims for her, or for the estate of Harry Stonehill, Heggestad no longer has that power. That power terminated when Pauline Stonehill passed away. Heggestad may argue that his power was

irrevocable and "coupled with interest," so it did not terminate when Pauline Stonehill passed away, but the terms of the power clearly show that the only interest Heggestad ever stood to gain from these FOIA requests and lawsuits were fees, and fees are not enough to make a power of attorney irrevocable. *See* ECF No. 21-3 at 36-38, 52-54.

For the reasons above, Heggestad cannot substitute himself in as a party in this case.

## III.  **An Individual Cannot Submit a FOIA Request on Behalf of an Estate**

If the Court finds that Heggestad clearly indicated that the requests at issue here were submitted by Pauline Stonehill on behalf of the estate of Harry Stonehill, and not by Pauline Stonehill individually, then still neither Heggestad nor Dr. Lenz can be substituted in as proper parties because, as a matter of law, an individual cannot submit a request on behalf of an estate under FOIA. FOIA provides "each agency, upon any request for records which (i) reasonably describes such records and (ii) is made in accordance with published rules stating the time, place, fees (if any), and procedures to be followed, shall make the records promptly available to any person." 5 U.S.C. § 552(a)(3)A). Under the Act, the word "'person' includes an individual, partnership, corporation, association, or public or private organization other than an agency[.]" 5 U.S.C. § 551(2). The Act does not include an estate in its definition of a person; therefore, an individual cannot submit a request on behalf of an estate under the Act.

Under the cannon *expressio unius est exclusio alterius*, "expressing one item of [an] associated group or series excludes another left unmentioned." *NLRB v. SW Gen., Inc.*, 580 U.S. 288, 302 (2017). As explained by the Supreme Court, "If a sign at the entrance to a zoo says 'come see the elephant, lion, hippo, and giraffe,' and a temporary sign is added saying 'the giraffe is sick,' you would reasonably assume that the others are in good health." *Id.* "The force of any negative implication, however, depends on context." *Id.* (quoting *Marx v. Gen. Revenue Corp.*, 568 U.S. 371, 381 (2013)). "The *expressio unius* canon applies only when 'circumstances support[ ] a

sensible inference that the term left out must have been meant to be excluded.'" *Id.* (quoting *Chevron U.S.A. Inc. v. Echazabal*, 536 U.S. 73, 81 (2002)).

Here, the *expressio unius* canon indicates that, while an individual can submit a request on behalf of a "partnership, corporation, association, or public or private organization other than an agency," an individual cannot submit a request on behalf of an estate under FOIA. As indicated above, the plain language of the statute does not include an estate in the definition of a person. Under the *expressio unius* cannon, by not including an estate in the definition of a person, Congress did not intend for an estate to be a person under FOIA, and therefore Pauline Stonehill could not have submitted a request on behalf of the estate of her husband.

The reason for this omission may be because an estate, generally, is not a legal entity. *See Est. of Scherban v. Suntrust Bank*, Civ. A. No. 15-1966 (JEB), 2016 WL 777913, at *1 (D.D.C. Feb. 26, 2016) ("It is true that under Fed. R. Civ. P. 17(a), an estate may not be a real party in interest[.]"); *see also Aguirre v. City of San Antonio*, 995 F.3d 395, 423 (5th Cir. 2021) ("Under Texas law, a deceased's estate is not a legal entity and may not properly sue or be sued as such."); *Architectural Body Rsch. Found. v. Reversible Destiny Found.*, 335 F. Supp. 3d 621, 634 (S.D.N.Y. 2018) ("Under New York law, a decedent's estate is not a legal entity capable of suing or being sued."); *Urb. Fin. of Am., LLC v. Estate of Mercado-Otero*, Civ. A. No. 15-2182, 2017 WL 11607782, at *2 (D.P.R. Aug. 28, 2017) ("Under Puerto Rico law, an 'estate' is not an independent legal entity with capacity to sue and be sued."); *Jackson v. City of Cleveland*, Civ. A. No. 15-0989, 2015 WL 6163510, at *3 (N.D. Ohio Oct. 20, 2015) ("The four named Estate Defendants are not entities with the capacity to be sued under Ohio law.").

Additionally, an estate is not a "person" for purposes of FOIA. Statutorily defined terms are strictly construed. "As the Supreme Court has recognized 'a definition which declares what a

term 'means' excludes any meaning that is not stated.'" *Aremu v. Dep't of Homeland Sec.*, 450 F.3d 578, 581–82 (4th Cir. 2006) (quoting *Colautti v. Franklin*, 439 U.S. 379, 392 n.10 (1979)); *see also Meese v. Keene*, 481 U.S. 465, 484 (1987) ("It is axiomatic that the statutory definition of the term excludes unstated meanings of that term."). By not including an estate in the definition of a person, Congress did not intend for an estate to be a person under the FOIA. While an individual can submit a request on behalf of a "partnership, corporation, association, or public or private organization other than an agency," an individual cannot submit a request on behalf of an estate under the FOIA. Therefore, Pauline Stonehill could not have submitted a request on behalf of the estate of her husband.[1]

An estate is simply a word for a collection of assets and liabilities. *See Est. of Laffoon v. Christianson*, Civ. A. No. 11-0255, 2011 WL 1743645, at *1 (E.D. Cal. Feb. 22, 2011) ("However, a probate or trust estate is not a legal entity. It is simply a collection of assets and liabilities. As such, it has no capacity to sue."); *Rock v. Univ. of Conn.*, 144 A.3d 420, 424 (Conn. 2016) ("An estate is not a legal entity. It is neither a natural nor artificial person, but is merely a name to indicate the sum total of the assets and liabilities of the decedent or incompetent."); *see also* Estate, Black's Law Dictionary (11th ed. 2019) ("The property that one leaves after death; the collective assets and liabilities of a dead person."); 33 C.J.S. Executors and Administrators § 2 ("The estate

---

[1]      By analogy, other laws that define who is entitled to relief under the law similarly limit relief to those defined by Congress. *See, e.g.*, *In re Seegers*, No. 09-0641, 2009 WL 2883019 (D.C. Bankr. 2009) ("It is well-settled that a probate estate may not commence a bankruptcy case on behalf of a decedent under either Chapter 7 or Chapter 13 because an estate is not included in the definition of person under § 109(b) for chapter 7 purposes or in the definition of 'individual' under § 109(e), which is included in the definition of 'person' under § 101(41), for Chapter 13 purposes." (cleaned up)); *Call Assocs., Inc. v. Nat'l Insts. of Health, et al.*, 579 F.2d 1155 (9th Cir. 1978) (corporation is not an "individual" as defined by the Privacy Act).

of a deceased person is not an entity known to the law, and is not a natural or an artificial person, but is merely a name to indicate the sum total of assets and liabilities of a decedent.").

Thus, because an estate is not a legal entity with the capacity to sue or be sued but is merely a word to describe a collection of assets and liabilities, it is not something that a person can submit a FOIA request on behalf of. It was not included in the definition of a person under FOIA. Therefore, as a matter of law, Pauline Stonehill could not have submitted a FOIA request on behalf of the estate of Harry Stonehill.

Further, *Sinito v. Department of Justice*, 176 F.3d 512 (D.C. Cir. 1999), is not to the contrary. There the D.C. Circuit held that the death a proper FOIA requester does not prevent the decedent's legal representative from pursuing the request following the requester's passing. 176 F.3d at 516. The decision did not address, much less hold contrary to the language of the statute, that an estate may itself submit a FOIA request in the first instance. Accordingly, *Sinito* is irrelevant to the arguments presented herein.

## IV. Unless Heggestad Has Been Retained by a Representative of Pauline Stonehill to Continue this Lawsuit, He Cannot File or Serve a Motion to Substitute or Statement Noting Death

"A motion for substitution may be made by any party or by the decedent's successor or representative." Fed. R. Civ. P. 25(a)(1). Further, a "motion to substitute, together with a notice of hearing, must be served on the parties as provided in Rule 5 and on nonparties as provided in Rule 4." Fed. R. Civ. P. 25(a)(3). "A statement noting death must be served in the same manner." *Id.* An attorney may not file or serve a motion to substitute or suggestion of death upon the passing of the individual he or she used to represent. *See Robinson v. Pezzat*, Civ. A. No. 12-0302 (RJL), 2016 WL 10829004, at *1 n.3 (D.D.C. Nov. 8, 2016) ("Under our Circuit Court's interpretation of Rule 25, an attorney retained to represent an individual may not file a suggestion of death upon that individual's passing."). "This is because an attorney's agency to act on behalf of her client

ceases upon the party's death; the attorney's responsibilities do not necessarily transfer to the decedent's successors or personal representative." *Breen*, 322 F.R.D. at 430 (citing *Fariss*, 769 F.2d at 962). "To the contrary, a personal representative to be substituted may retain different counsel." *Id.*

Here, therefore, Heggestad cannot file or serve a motion to substitute or statement noting death. *See Rende*, 415 F.2d at 985; *Robinson*, 2016 WL 10829004, at *1 n.3. Only a party or the decedent's successor or legal representative may do so. Unless the representative of Pauline Stonehill, who appears to be Cliff Dale, retains Heggestad to continue this lawsuit, Heggestad cannot file or serve a motion to substitute or statement noting death.

## V. The Representative for Pauline Stonehill, or for the Estate of Harry Stonehill if the Court Finds the Requests Were Submitted on Behalf of His Estate, Should Prove He or She Has Authority to Act on Behalf of the Respective Estate

Other than for an individual who is not acting in a representative capacity or for a corporation, the capacity to sue or be sued is determined by the law of the state where the court is located. *See* Fed. R. Civ. P. 17(b). Under District of Columbia law, a "foreign personal representative may exercise all the powers of such office and may sue and be sued in the District of Columbia, subject to any statute or rule relating to nonresidents." D.C. Code § 20-342. A foreign personal representative, further, "shall not be required to obtain letters in the District of Columbia for any purpose." D.C. Code § 20-341(a). However, a foreign personal representative administering an estate which has property located in the District of Columbia still must "file with the Register a copy of the appointment as personal representative and a copy of the decedent's will, if any, authenticated pursuant to 28 U.S.C. § 1738." D.C. Code § 20-341(b). "The term personal representative is strictly construed under D.C. law to mean only the decedent's executor or administrator." *Est. of Scherban*, 2016 WL 777913, at *1 (citation omitted).

17

A lawsuit, further, is a form of property requiring a foreign representative to file an authenticated copy of a personal representative appointment and an authenticated copy of a will with the Register. *See id.* at *1-2; *see also Est. of Manook v. Rsch. Triangle Inst., Int'l & Unity Res. Grp., L.L.C.*, 693 F. Supp. 2d 4, 16-17 (D.D.C. 2010). In *Estate of Scherban*, the defendant moved to dismiss arguing, among other things, that the plaintiffs did not comply with District of Columbia law establishing that they had authority to act on behalf of the estates at issue. *Estate of Scherban*, 2016 WL 777913, at *1. The plaintiffs countered that they did not have to file authenticated copies of their appointments or an authenticated copy of the will with the Register because the property at issue (bank accounts) were in Florida. *Id.* at *2. The court disagreed, concluding that an action could be considered a form of property requiring compliance with D.C. Code § 20-341 to show capacity to act on behalf of an estate under Rule 17.

Here, the representative of Pauline Stonehill, or the representative of the estate of Harry Stonehill, should do the same.[2] In light of Pauline Stonehill's passing, which terminated the powers of attorney Heggestad relied on to pursue these FOIA requests and lawsuits over the years, it appears Heggestad no longer has authority to act on behalf of Pauline Stonehill or the estate of Harry Stonehill. It is unclear whether Cliff Dale, the representative of Pauline Stonehill, intends to continue with these FOIA requests and lawsuits. If he did, presumably Heggestad would have sought to substitute Cliff Dale as the proper party instead of himself or Dr. Lenz. Further, Harry Stonehill passed away on March 20, 2002, more than twenty-one years ago. *See* Am. Compl. § 59. Considering the amount of time since Harry Stonehill's passing, it is questionable whether the

---

[2]    Normally, any issue regarding capacity is raised at the pleadings stage. *See generally* Fed. R. Civ. P. 9. However, as explained above, the Agency did not have such concerns at the pleadings stage because the Agency understood Heggestad was acting on behalf of Pauline Stonehill individually, not in her capacity as co-executor of the estate of Harry Stonehill. In light of her passing and the legal effects it has, the Agency raises such concerns now.

estate is currently open and whether the co-executor, assuming it is still Dr. Lenz, wants to continue with these requests and lawsuits. These requests and lawsuits have been ongoing for decades. Perhaps the representatives are no longer interested in pursuing them.

## CONCLUSION

For the reasons above, the Court should deny Heggestad's Motion to Substitute.

Date:   December 7, 2023          Respectfully submitted,
        Washington, DC

                                 MATTHEW M. GRAVES, D.C. Bar. #481052
                                 United States Attorney

                                 BRIAN P. HUDAK,
                                 Chief, Civil Division

                                 By:      /s/ Sam Escher
                                        SAM ESCHER, D.C. Bar #1655538
                                        Assistant United States Attorney
                                        601 D Street, N.W.
                                        Washington, D.C. 20530
                                        (202) 252-2531
                                        Sam.Escher@usdoj.gov

                                 *Attorneys for the United States of America*